UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| LORI HAFLEY, as Special Administrator of the estate of Robert McFadin, | ) ) ) ) |
| Plaintiff, | ) No. 06-cv-1254 ) ) |
| v. | ) ) |
| THE CITY OF SPRING VALLEY, THOMAS QUARTUCCI, and DOUGLAS BERNABEI | ) ) ) ) |
| Defendants. | ) ) |

**O P I N I O N  A N D  O R D E R**

Before the Court is Defendants' Brief requesting that this Court stay or dismiss this case. [Doc. 13.] Plaintiff has filed a Response. [Doc. 14.] These briefs were filed pursuant to an Order in which this Court asked the parties to address whether this case should be stayed. For the following reasons, the matter before the Court is stayed pending the outcome of a parallel state court proceeding.

Plaintiff has brought this case seeking damages for a suicide that occurred in a jail cell in the City of Spring Valley. Defendant police officer Thomas Quartucci entered the jail cell of Robert McFadin while McFadin was in an unstable state of mind. McFadin attacked Quartucci and took away Quartucci's firearm. After Quartucci ran away, McFadin committed suicide with Quartucci's firearm.

McFadin's estate has now brought suit in federal court alleging that Quartucci, police chief Bernabei, and the City of Spring Valley violated McFadin's

constitutional rights under 42 U.S.C. § 1983. In addition, McFadin's estate alleges that the Defendants violated state law under the Illinois Wrongful Death Act. 740 ILCD 180/1. In a previous Order, this Court dismissed the § 1983 claim against the Chief of Police, but allowed Plaintiff's § 1983 claims to proceed against Quartucci and the City of Spring Valley.

Plaintiff has also brought suit in state court and has alleged identical state law claims in her state court cause of action. Defendants sought to dismiss the state law claims in both this Court and in state court. This Court noted the possibility of conflicting rulings and ordered the parties to address in supplemental briefs the possibility of duplicative causes of action under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). Those briefs are now before the Court.

Defendants argue that the twin state and federal cases at issue meet the two-pronged "exceptional circumstances" test set forth in Colorado River. Under the first prong of the test, a court must determine if the cases are parallel while under the second prong, a court must balance multiple factors including the possibility of conflicting rulings, piecemeal litigation, the order in which jurisdiction was obtained and the relative progress of the state versus the federal action. The court must then determine if these factors weigh in favor of issuing a stay.

Defendants note that the two cases at issue are parallel and a balancing of the relevant factors weighs in favor holding that this case meets the "exceptional circumstances" test. However, Defendants further note that Colorado River permits

a district court to not only stay, but also dismiss an action when there is an ongoing parallel action in state court.  Defendants then suggest that this Court should dismiss rather than stay this case.  However, Defendants never provide any authority or explanation for why a dismissal would be more appropriate than a stay.

In response, Plaintiff concedes that this case satisfies both prongs of the Colorado River test and that it would be appropriate to stay this case pending the outcome of the parallel case state court proceeding.  However, Plaintiff argues that a stay would be more appropriate than a dismissal because, as set forth in LaDuke v. Burlington Northern Railroad Co., 879 F.2d 1556 (7th Cir. 1989), "…a stay, not a dismissal, is the proper procedural mechanism for a district court to employ when deferring to a parallel state-court proceeding under the Colorado River doctrine.  A stay, in contrast to a dismissal, allows the federal court to retain jurisdiction over the federal action in case the state litigation 'washes out' for some reason and fails to reach its anticipated end of a final decision on the merits." LaDuke, 879 F.2d at 1561-62 (internal citations omitted).   Likewise, our Appellate Court further noted that "a stay has the advantage of bringing the federal action back before the same federal judge that had previously considered the case should a determination of the preclusive effect of state-court decisions be necessary.  It protects the right of all parties without imposing any additional costs or burdens on the district court." LaDuke, 879 F.2d 1556 (internal citations omitted).  Accordingly, a stay is the

3

appropriate method for this Court to address the problems raised by the parallel proceedings at bar.

In conclusion, since there is no dispute that the two parallel cases at issue satisfy the Colorado River "exceptional circumstances" test, and it is clear that a stay is the appropriate mechanism to protect the rights of all parties, this Court orders this matter stayed pending a disposition of the relevant state court proceeding.

IT IS THEREFORE ORDERED that this matter is stayed pending the outcome of the relevant state court proceeding. The clerk is directed to set a telephonic status conference for this matter for August 22nd, at 2:15 pm.

ENTERED this  3rd  day of April, 2008.

s/Joe Billy McDade
Joe Billy McDade
United States District Judge
